MSF HOLDING, LTD., Plaintiff–Appellant,

v.

FIDUCIARY TRUST COMPANY INTERNATIONAL, Defendant–Appellee.

No. 06–3484–cv.

United States Court of Appeals, Second Circuit.

June 6, 2007.

828

John F. Neupert, Miller Nash LLP, Portland, OR (Jennifer J. Roof, Miller Nash LLP, Portland, OR; Spencer L. Schneider, New York, NY, on the brief), for Plaintiff–Appellant.

Alan M. Gelb, Jones Hirsch Connors & Bull P.C., New York, N.Y. (Rita Werner Gordon, on the brief), for Defendant–Appellee.

Present: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. WILLIAM K. SESSIONS,* District Judge.

* The Honorable William K. Sessions III, United States District Court for the District of Vermont, sitting by designation.

**SUMMARY ORDER**

Plaintiff-appellant MSF Holding, Ltd. ("MSF") appeals a judgment of the district court denying plaintiff's motion and defendant's cross-motion but granting summary judgment *sua sponte* in favor of defendant-appellee Fiduciary Trust Company International ("FTCI").

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

This case involves an irrevocable letter of credit numbered 101649 ("LOC 649") that MSF seeks to enforce against FTCI. In a lengthy opinion, the district court determined, essentially, that an agreement between the original beneficiary of LOC 649 and an affiliate of MSF effected an assignment of the proceeds of LOC 649 to the affiliate, and not MSF itself. *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F.Supp.2d 285, 302–303 (S.D.N.Y. 2006). According to the district court, this meant that "the original beneficiary ... los[t] its right to present drafts under the credit, or, as here, transfer the credit to another-i.e., plaintiff [MSF]" *Id.* at 303. (citing N.Y. UCC § 5–116(3) (McKinney 1991)). The district court stated that plaintiff was foreclosed from enforcing LOC 649 on behalf of the affiliate, and, thus, MSF was not "the real or proper party in interest to seek payment under the credit." *Id.*

While we may not agree with the entire analysis done by the district court, we cannot escape the fact that the plaintiff has never effectively contested the assignment to its affiliate, thus compelling us to affirm the decision below. We are very sensitive

to the policies underlying letter of credit law. *See, e.g., Voest–Alpine Int'l Corp. v. Chase Manhattan Bank, N.A.*, 707 F.2d 680, 682 (2d Cir.1983) (noting that "[s]ince the great utility of letters of credit arises from the independent obligation of the issuing bank, attempts to avoid payment premised on extrinsic considerations—contrary to the instruments' formal documentary nature—tend to compromise their chief virtue of predictable reliability as a payment mechanism."); *see also 3Com Corp. v. Banco do Brasil, S.A.*, 171 F.3d 739, 744 (2d Cir.1999) (noting that "[s]implicity and certainty are the hallmarks of the letter of credit transaction and explain the letter of credit's great utility."). However, given the plaintiff's lack of an effective challenge to the district court's conclusion regarding the assignment of LOC 649, we are hard pressed to say that the defendant could not prevail on grounds articulated by the district court.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.